UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY | ) ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) Cause No. 1:14-CV-1643-TWP-DML ) |
| GLOBAL CARAVAN TECHNOLOGIES, INC., et al. | ) ) ) |
| Defendants. | ) ) ) |
| ****************************************** | ) ) |
| GLOBAL CARAVAN TECHNOLOGIES, INC., et al. | ) ) ) |
| Defendant/Counterclaim Plaintiffs | ) ) |
| v. | ) ) |
| THE CINCINNATI INSURANCE COMPANY | ) ) ) ) |
| Plaintiff/Counter-Defendant | ) |

**DEFENDANTS/COUNTERCLAIMANTS'
STATEMENT OF CLAIMS AND DEFENSES**

In accordance with the requirements of the approved Case Management Plan (Dkt. 55) ("CMP") in this matter, Defendants/Counterclaimants Global Caravan Technologies, Inc., Husheng Ding, Christopher Douglas, Kyle Fang, Red Wing Capital, LLC, Chris Tzeng, Thomas Gray, Doris Roberts and C.H. Douglas & Gray. LLC (collectively, the "Defendants/Counterclaimants") submit the following

statement of claims and defenses they intend to prove at trial with respect to Cincinnati Insurance Company's ("Cincinnati") duty to defend[1].

## A. Statement of Counterclaims

1.  *Request for Declaratory Judgment Pursuant to the Indiana Uniform Declaratory Judgments Act and 28 U.S.C. § 2201*

At trial, Defendants/Counterclaimants intend to seek a declaratory judgment pursuant to Indiana and federal law that Cincinnati owes all Defendants/Counterclaimants a duty to provide them with a full and independent defense in the lawsuit styled *Charles Hoefer, Jr., v. Husheng Ding, Christopher Douglas, Thomas Gray, Chris Tzeng, Kyle Fang, Doris Roberts, Steve Coons, Red Wing Capital, LLC and C.H. Douglas & Gray, LLC*, Cause No. 49D14 1405 PL 014379, Marion Superior Court (the "Hoefer Litigation").[2] On October 8, 2014 the Marion Superior Court issued an order that provided, in relevant part, "GCT [Global Caravan Technologies, Inc.] is properly designated as a defendant for all purposes and is ordered to respond to the Complaint…." Mr. Hoefer's amended complaint includes allegations regarding defamation and defamation per se. Such

---

[1] The Defendants/Counterclaimants' Statement is limited to Cincinnati's duty to defend, as the CMP provides that the deadlines set forth therein "are not applicable to discovery and pretrial practice related to Plaintiff's indemnity obligations." (CMP, Dkt. 55, p. 5) "Until further order of the court, discovery and pretrial practice pertaining to [Cincinnati's] indemnity obligations to [Defendants/Counterclaimants] are stayed." (Jan. 13, 2015 Order on Motion to Stay Proceedings as to Indemnity, Dkt. 39.) Defendants/Counterclaimants fully intend to pursue all available claims and defenses as they apply to Cincinnati's indemnity obligations under the Cincinnati insurance policy.

[2] The Hoefer Litigation remains pending in the Marion County Superior Court and is currently in discovery.

allegations include, but are not limited to, (1) the "Defendants made disparaging statements and character assassinations to GCT's employees, attorneys, investors, partners, and other individuals." and (2) "[t]he Defendants publicly humiliated [Hoefer] by issuing through GCT a public and severely defamatory statement against [Hoefer] … calling [Hoefer] 'dangerous' and 'irrational' in major RV industry media such as RV Business, RV-Pro and RV Daily Report, and also in the Indianapolis Business Journal."

Cincinnati issued Global Caravan Technologies, Inc. ("GCT") a comprehensive general liability ("CGL") policy number ENP 021 68 26 that covered the period from October 18, 2013 through October 18, 2014 (the "Cincinnati Policy"). The Cincinnati Policy provides that it will "pay those sums that insured becomes legally obligated to pay as damages because of 'personal and advertising injury'…" The Cincinnati Policy also provides that Cincinnati has "the right and duty to defend the insured against any 'suit' seeking those damages." The Cincinnati Policy defines "Personal and Advertising Injury" to include, among other things, "injury, including consequential 'bodily injury' arising out of one or more of the following offenses:...(d) oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; …." Hoefer has also alleged that the defendants to the Hoefer Litigation – all of them – were acting as GCT's directors and/or officers and shareholders. Hoefer alleges "[t]he named Defendants at the time of Hoefer's ouster from GCT were the only individuals or entities with an exercised voting right

3

among GCT's shareholders, and represented the only individuals other than [Hoefer] *acting as GCT's directors or officers*." The Defendants/Counterclaimants notified Cincinnati of the Hoefer Litigation and requested a defense and indemnity against the the Hoefer Litigation. Cincinnati has denied coverage and failed to defend.

Cincinnati's duty to defend arises because Cincinnati sold a policy of insurance that responds to claims alleged in the Hoefer Litigation. Indiana law applies to this dispute. Under Indiana law, the duty to defend is very broad. *Seymour Manufacturing Co. v. Commercial Union Ins. Co.*, 655 N.E.2d 891, 892 (Ind. 1996). If there is any potential for coverage, there is a duty to defend. *Trisler v. Indiana Ins. Co.,* 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991). The duty to defend attaches if any of the multiple counts of a complaint may be covered. *Liberty Mut. Ins. Co. v. OSI Indus., Inc.,* 831 N.E.2d 192, 200 (Ind. Ct. App. 2005). If the policy is otherwise applicable, the insurance company is required to defend even though it may not be responsible for all of the damages assessed. *Id.* The Hoefer Lawsuit, particularly the defamation and defamation per se counts, falls squarely within the Personal and Advertising Injury Liability coverage in the Cincinnati Policy. Cincinnati is obligated under its Policy to defend the Defendants/Counterclaimants against the Hoefer Lawsuit.

Despite having a duty to do so under its policy, Cincinnati has not paid for these defense costs incurred by the Defendants/Counterclaimants. When an insurer, such as Cincinnati, has breached it duty to defend and its policyholder has

4

secured, supervised and paid for a defense without any expectation of payment, the attorney fees incurred in such defense are presumed to be reasonable and necessary. *Thomson Inc. v. Ins. Co. of N. Am.,* 11 N.E.3d 982, 1031 (Ind. Ct. App. 2014) *trans. denied.*

The legal theories and undisputed facts supporting this claim have been fully briefed by the Defendants/Counterclaimants in connection with the pending cross-motions for summary judgment on Cincinnati's duty to defend. (*See, e.g., Motion for Partial Summary Judgment* filed 9/17/15 as Dkt. #74; *Brief in Support of Motion for Partial Summary Judgment on Cincinnati's Duty to Defend* filed 9/17/15 as Dkt. #75; *Appendix of Exhibits to Brief in Support of Motion for Partial Summary Judgment on Cincinnati's Duty to Defend* filed 9/17/15 as Dkt. #76; *Consolidated Reply in Support of Motion for Partial Summary Judgment* filed 12/3/15 as Dkt. #88; and *Supplemental Appendix of Exhibits in Support of Motion for Partial Summary Judgment and in Opposition to Cincinnati's Motion for Partial Summary Judgment* filed 12/3/15 as Dkt. # 89.) (These briefs, appendices, and motion are referred to in this Statement as "Summary Judgment Briefing."). The Defendants/Counterclaimants incorporate the arguments and facts contained their Summary Judgment Briefing as if fully restated herein.

2.  *Breach of Contract*

Defendants/Counterclaimants also intend to pursue their claim for breach of contract at trial. This claim arises out of Cincinnati's failure to honor its obligations under the policy of insurance it sold to GCT by refusing to provide a full and

5

independent defense to Defendants/Counterclaimants in the Hoefer Litigation. The legal theories supporting this claim also have been fully briefed in connection with the pending cross-motions for summary judgment on Cincinnati's duty to defend. (*See* Summary Judgment Briefing.) Accordingly, the Defendants/Counterclaimants incorporate the arguments and facts contained their Summary Judgment Briefing as if fully restated herein.

    3.    *Bad Faith*

On July 21, 2015, the Court granted the Defendants/Counterclaimants' *Motion for Leave to Amend Counterclaim* (Dkt. 69) to add a claim of bad faith against Cincinnati. Defendants/Counterclaimants' bad faith claim is rooted in Cincinnati's actions and inactions in connection with its handling of the Hoefer Litigation claim, namely, Cincinnati's withholding of benefits without cause and its unfounded delay in providing a full and independent defense to the Defendants/Counterclaimants in the Hoefer Litigation. (*See* Summary Judgment Briefing.) These failures breached Cincinnati's duty of good faith and fair dealing to its policyholder and have caused significant harm to the Defendants/Counterclaimants.

### B. Statement of Defenses

Defendants/Counterclaimants intend to prove the following defenses to Cincinnati's claims at trial:

1. *Cincinnati has failed to state a claim upon which relief can be granted.*

Defendants/Counterclaimants intend to prove at trial that Cincinnati's complaint, on its face, is insufficient to entitle Cincinnati to any relief. Cincinnati has, through its various filings in this matter, admitted or stipulated to certain facts which establish that Cincinnati owes the Defendants/Counterclaimants a full and independent defense in the Hoefer Litigation. There is simply no legal basis, in light of the facts at issue in this matter, to entitle Cincinnati to a declaratory judgment in its favor. The legal theories supporting this defense also have been fully briefed in connection with the pending cross-motions for summary judgment on Cincinnati's duty to defend. (*See* Summary Judgment Briefing.) Accordingly, the Defendants/Counterclaimants incorporate the arguments and facts contained their Summary Judgment Briefing as if fully restated herein.

2. *Cincinnati has waived any defenses to coverage.*

Defendants/Counterclaimants intend to prove at trial that Cincinnati, through its various actions and inactions as described in the Summary Judgment Briefing and as will be further developed at trial, has waived any defense to coverage it might otherwise have asserted to coverage in connection with the Hoefer Litigation, including, but not limited to, asserting that any policy-based exclusion or other condition or situation operates to extinguish Cincinnati's duty to defend. Moreover, the Summary Judgment Briefing details Indiana law as it relates to the duty to defend, and attempting to assert an exclusion as a basis to avoid the duty to defend is unsustainable under Indiana law. (*See, e.g.*, Summary Judgment Briefing).   Accordingly, the Defendants/Counterclaimants incorporate the arguments contained their Summary Judgment Briefing as if fully restated herein.

3. *[Cincinnati] is estopped from asserting that the liability policy at issue in this action is void and/or otherwise provides no coverage.*

Defendants/Counterclaimants intend to prove at trial that Cincinnati, through its various actions and inactions as described in the Summary Judgment Briefing and as will be further developed at trial, is estopped from asserting that the Cincinnati policy is void and/or otherwise provides no coverage. Cincinnati promised to provide coverage pursuant to the terms of the insurance policy it issued to GCT, and the Defendants/Counterclaimants relied on Cincinnati's promise to their detriment. It would yield an inequitable result to allow Cincinnati to renege on its promise under the policy it sold to GCT and thereby deprive the Defendants/Counterclaimants of the full and independent defense to which they are entitled in the Hoefer Litigation.

4. *[Cincinnati's] claims are barred, in whole or in part, to the extent that [Cincinnati] has engaged in conduct and activity such that its claim for relief is barred by the doctrine of unclean hands.*

Cincinnati seeks a declaratory judgment against Defendants/Counterclaimants stating that, *inter alia*, it owes no duty to defend under the Cincinnati policies. Defendants/Counterclaimants intend to prove at trial that Cincinnati's own unclean hands, in the form of its bad faith actions toward its policyholder, operate to prevent Cincinnati from obtaining any relief in the form of a declaratory judgment.

*5.  [Defendants/Counterclaimants] are entitled to independent defense counsel of the [Defendants/Counterclaimants'] own choosing in the underlying action and paid for by [Cincinnati].*

Defendants/Counterclaimants intend to prove at trial that, contrary to Cincinnati's assertions, Defendants/Counterclaimants are entitled to a full and independent defense and to independent defense counsel of their own choosing. The basis for this entitlement is discussed at length in Defendants/Counterclaimants' Summary Judgment Briefing. Accordingly, the Defendants/Counterclaimants incorporate the arguments contained their Summary Judgment Briefing as if fully restated herein.

Date:  December 7, 2015        Respectfully submitted,

                 Plews Shadley Racher & Braun LLP

                 By:  /s/ *Shelley M. Jackson*

George M. Plews (Atty. No. 6274-49)
Jonathan P. Emenhiser (Atty. No. 22348-01)
Shelley M. Jackson (Atty. No. 27176-29)
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, Indiana 46202
Phone: (317) 637-0700
Fax: (317) 637-0710
*gplews@psrb.com*
*jemenhiser@psrb.com*
*sjackson@psrb.com*

*Counsel for Defendants Global Caravan Technologies, Inc., Christopher Douglas, Husheng Ding, Kyle Fang, Chris Tzeng, C.H. Douglas & Gray, LLC, Thomas Gray, Doris Roberts, and Red Wing Capital, LLC*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Douglas H. Fisher<br>douglas_fisher@staffdefense.com | David S. Wirth<br>david_wirth@staffdefense.com |
| James Hutton<br>jim_hutton@staffdefense.com | April Tarvin<br>April_tarvin@staffdefense.com |
| S. Andrew Burns<br>aburns@coxsargelaw.com | C. Russell Cox<br>rcox@sargelaw.com |

                                                */s/ Shelley M. Jackson*