UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY )<br>)<br>     Plaintiff )<br>)<br>     v. )<br>)<br>GLOBAL CARAVAN )<br>TECHNOLOGIES, INC., et al. )<br>)<br>     Defendants )<br>)<br>******************************************* )<br>)<br>GLOBAL CARAVAN )<br>TECHNOLOGIES, INC., et al. )<br>)<br>     Defendants/Counterclaim Plaintiffs )<br>)<br>     v. )<br>)<br>THE CINCINNATI INSURANCE COMPANY )<br>)<br>     Plaintiff/Counter-Defendant )<br>) | Case No. **1:14-CV-1643-TWP-DML** |

**PLAINTIFF/COUNTER-DEFENDANT
THE CINCINNATI INSURANCE COMPANY'S
STATEMENT OF CLAIMS AND DEFENSES**

As required by the approved Case Management Plan ("CMP") (Dkt. 55) in this matter, Plaintiff/Counter-Defendant The Cincinnati Insurance Company ("CIC") submits the following statement of claims and defenses that it intends to prove at trial with respect to CIC's First Amended Complaint for Declaratory Judgment and defenses to Defendants/Counterclaim Plaintiffs' Amended Counterclaim on the issue of duty to defend.[1]

---

[1] Plaintiff/Counter-Defendant CIC's Statement of Claims and Defenses is limited to the issue of duty to defend, since the CMP provides that "the dates listed [therein] are not applicable to discovery and pretrial practice related to Plaintiff's indemnity obligations." (CMP, Dkt. 55 p.5). Specifically, the Court issued an Order on January 13, 2015, stating

A. **Statement of Claim.**

1. **Request for Declaratory Judgment Brought Pursuant to Indiana's Uniform Declaratory Judgment Act and 28 U.S.C.A. § 2201.**

At trial, Plaintiff/Counter-Defendant CIC intends to seek a declaratory judgment pursuant to Indiana's Uniform Declaratory Judgment Act and 28 U.S.C.A. §2201 that it does not owe a defense to Defendants/Counterclaim Plaintiffs Global Caravan Technologies, Inc. ("GCT"), Husheng Ding, Christopher Douglas, Kyle Fang, Chris Tzeng, C.H. Douglas & Gray, LLC, Thomas Gray, Doris Roberts, and Red Wing Capital, LLC under the CIC commercial general insurance policy, (Policy No. ENP 021 68 26), with an effective coverage term from October 18, 2013 to October 18, 2014, (hereinafter, "CGL") issued to GCT with regard to the uncovered claims asserted in the underlying Marion Superior Court state action brought by Plaintiff Charles Hoefer, Jr. ("Hoefer") in *Charles Hoefer, Jr. v. Husheng Ding, Christopher Douglas, Thomas Gray, Chris Tzeng, Kyle Fang, Doris Roberts, Steve Coons, Red Wing Capital, LLC, and C.H. Douglas & Gray, LLC*, (Cause No. 49D14 1405 PL 014379), (hereinafter, "state action").

Hoefer filed his Original Complaint in the state action on May 1, 2014 asserting personal claims for *declaratory judgment*, *securities fraud*, *common law fraud*, *constructive fraud*, *breach of fiduciary duty*, *defamation and defamation per se*, *theft*, *interference with contractual relations* and *common law indemnification* against named Defendants Husheng Ding ("Ding"), Christopher Douglas ("Douglas"), Thomas Gray ("Gray"), Chris Tzeng, Kyle Fang ("Fang"), Doris Roberts ("Roberts"), Steve Coons ("Coons"), Red Wing Capital, LLC ("RWC"), and C.H. Douglas & Gray, LLC (hereinafter, collectively, "Named Defendants").

---

'discovery and pretrial practice pertaining to Plaintiff's indemnity obligations to its insured/defendants are stayed' until further notice of the Court." (CMP Dkt. 55 p. 6; January 13, 2015 Order on Motion to Stay Proceedings as to Indemnity, Dkt. 39). Plaintiff CIC fully intends to assert all available claims, rights and coverage defenses as they may apply to the issue of indemnity under the CGL.

On October 8, 2014, Hoefer filed an Amended Complaint to provide a more definitive statement of his claims upon the request of several Named Defendants in the state action, which included asserting additional claims for *piercing the corporate veil of RWC*, *civil conspiracy* and *unjust enrichment* against the Named Defendants. In his Amended Complaint, Hoefer did not add GCT as a Defendant or assert any claims against the corporation. Prior to Hoefer filing his Amended Complaint, on July 7, 2014, GCT voluntarily sought to intervene in the state action as an intervening defendant. Over the objection of Hoefer, the Marion Superior Court granted GCT leave to intervene as an intervening Defendant in the state action on October 8, 2014. Separate affirmative counterclaims have been asserted by GCT and by at least two of the Named Defendants against Hoefer in the state action.

Hoefer has not further amended his Complaint since GCT's intervention into the state action to assert any claims against the corporation. And Hoefer has admitted in this action that all of his claims for relief—including his claims for defamation and defamation *per se*—are asserted only against the Named Defendants and not GCT. Further, Hoefer asserts every state action claim against Ding, Douglas and Fang—as individuals and alleged co-conspirators with the remaining Named Defendants—and not in the official capacity as a GCT director, "executive officer," "employee" and/or stockholder.

Specifically, in his state action, Hoefer alleges that in November 2012 the Named Defendants, as co-conspirators, used RWC, a "severely undercapitalized unregistered broker/dealer intentionally gutted by the firm's partners—[Ding, Douglas, Roberts and Coons]—… to run a fraud scheme against [him]" in furtherance of the Named Defendants' secret and illegal/fraudulent China land deals to which they would enjoy personal financial enrichment. The alleged conspiracy began in November 2012, when Ding and Douglas allegedly solicited Hoefer, stating that RWC investors wanted to create a high-end U.S. recreational vehicle ("RV") manufacturer and a follow-on low-end

RV manufacturer, and that he was sought to lead both ventures. Thereafter, Hoefer alleges the Named Defendants "acted as [his] advisors, making false promises to the future, false representations, material omissions, negligent omissions and negligent misrepresentations, causing [him] to create GCT in January 2013 as the company's majority owner, and later gaining control of [his] company by fraud, then kicking [him] to the curb once [he] launched a revolutionary RV prototype for GCT called the 'CR-1 Carbon'…in March 2014 in order to steal GCT for themselves, gut the company, and use it as a fraud vehicle to secur[e] millions in government assets from China for personal riches." Hoefer alleges that the Named Defendants "destroyed GCT and ousted [him] because they needed to cover up their fraud scheme and silence [him]." Further, Hoefer alleges that the Name Defendants "were so driven to complete their China land deal" they sabotaged and *defamed* him "to preserve their selfish and illegal interests."

The CGL provides coverage for three types of damages—"bodily injury," "property damage" and "personal and advertising injury" as each term is defined in the policy. The CGL includes **Coverage A. Bodily Injury and Property Damage Liability** coverage ("Coverage A") and **Coverage B. Personal and Advertising Injury Liability** coverage ("Coverage B"), each with its own insuring agreement. Coverage A and Coverage B insuring agreements provide that:

> [CIC] will pay those sums that the *insured* becomes *legally obligated* to pay as damages because of ["bodily injury," "property damage" or "personal and advertising injury"] to which this insurance applies. [CIC] will have *the right and duty to defend* the insured against any '*suit*' seeking *those* damages. However, [CIC] will have no duty to defend the insured against any '*suit*' seeking damages for ["bodily injury," "property damage" or "personal and advertising injury"] to which this insurance does not apply… (Emphasis added.)

At trial, CIC intends to prove that GCT is the only named insured under the CGL; there are no additional insureds identified on the policy; and that none of the Named Defendants—including Ding, Douglas and Fang—qualify as an "insured" as the term is defined in the CGL, with regard to any of Hoefer's state action claims. Specifically, CIC intends to prove that Hoefer's state action

4

claims against the Named Defendants—including Ding, Douglas and Fang—do not involve allegations that grant any of the Named Defendants "insured" status as a GCT director, "executive officer," "employee" and/or "stockholder" under the CGL. Accordingly, CIC owes no duty to defend the Defendants/Counterclaim Plaintiffs against Hoefer's state action claims.

Additionally, at trial, CIC intends to establish that Hoefer has not brought a "suit," as the term is defined in the CGL, against GCT as it is undisputed by Hoefer's own admission that he asserts no cause of action against the corporation in his state action. Thus, Hoefer does not seek to hold GCT legally liable in damages for any of the alleged wrongful conduct at issue in his state action. Instead, Hoefer seeks to recover on his state action claims only from the Named Defendants—including Ding, Douglas and Fang—as individuals and co-conspirators who portrayed themselves as "securities experts and financial representatives" and acted as his advisors and fiduciaries, but were actually "conspiring to defraud" him of his "economic rights and steal his technology and intellectual property" to pursue a fraudulent China RV land project. Accordingly, CIC does not owe Defendant/Counterclaim Plaintiff GCT a defense in Hoefer's state action.

The CGL Coverage A insuring agreement requires "bodily injury" or "property damage" be caused by an "occurrence" during the policy period. The term "occurrence" is defined to mean an accident in the CGL. The term "accident" is not defined. The Supreme Court of Indiana has held that the term "accident" means "an unexpected happening without intent or design" when the term is not otherwise defined in the CGL. *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1283 (Ind.2006). The CGL also includes Coverage B which provides insurance for "'personal and advertising injury' only if: **(1)** The 'personal and advertising injury' is caused by an offense arising out of [GCT's] business; and **(2)** The 'personal and advertising injury' offense was committed in the 'coverage territory' during the policy period…" The term "personal and advertising injury" is defined in the CGL, in pertinent part, to mean "injury, including consequential 'bodily injury', arising

5

out of one or more of the following offenses: …**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." At trial, CIC intends to prove that Hoefer's state action claims, including his claims for defamation and defamation *per se* do not fall within or potentially within Coverage A or B of the CGL. Thus, CIC owes no duty to defend the Defendants/Counter-Plaintiffs under the CGL with regard to Hoefer's state action claims.

The CGL purchased by GCT and at issue in this declaratory judgment action, does not include Employment Practices liability coverage. The CGL includes the Employment-Related Practices exclusion ("ERP exclusion") under both Coverage A and Coverage B. Specifically, the ERP exclusion states, in pertinent part, that it precludes coverage for:

"Personal and advertising injury" to:

- **(1)** A person arising out of any:

    *     *     *

    - **(b)** Termination of that person's employment; or

    - **(c)** Other employment-related practices, policies, acts or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

    *     *     *

This exclusion applies:

- **(1)** Whether the insured may be liable as an employer or in any other capacity; and

- **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Without CIC abandoning its aforementioned claims/positions at trial that: (1) None of the Named Defendants—including Ding, Douglas and Fang—qualify as "insureds" under the CGL

with regard to Hoefer's state action claims; (2) None of Hoefer's state action claims fall within or potentially fall within coverage under Coverage A or Coverage B of the CGL; and (3) Hoefer's state action is not a "suit" against GCT, because he does not assert a single cause of action against the corporation and does not seek to hold GCT legally liable in damages for any of the alleged wrongful conduct at issue, CIC intends to prove that the ERP exclusion included in the CGL precludes coverage with regard to Hoefer's claims for defamation and defamation *per se*. Thus, CIC intends to prove at trial that like his other state action claims, Hoefer's claims for defamation and defamation per se does not require CIC to provide a defense to the Defendants/Counterclaim Plaintiffs under the CGL.

Upon Defendants/Counterclaim Plaintiffs' request, CIC consented to a 10 day extension, which was subsequently granted by this Court, to file their *Consolidated Reply in Support of Motion for Partial Summary Judgment* and *Supplemental Appendix of Exhibits in Support of Motion for Partial Summary Judgment in Opposition to Cincinnati's Motion for Partial Summary Judgment* (hereinafter, collectively "Consolidated Response, Reply Brief") no later than December 3, 2015. Defendants/Counterclaim Plaintiffs filed their Consolidated Response, Reply Brief on December 3, 2015. (Unopposed Motion for Extension of Time to File Response to December 3, 2015, Dkt. 86; Order Dkt. No. 87 and Defendants/Counterclaim Plaintiffs' Consolidated Response, Reply Brief Dkt. 88-89). Accordingly, by Order of this Court, CIC has 17 days from the filing of Defendants/Counterclaim Plaintiffs' Consolidated Response, Reply Brief to file its Reply Brief, which it will do. Therefore, CIC incorporates herein by reference all arguments and facts contained within its summary judgment briefing filed to date, as well as subsequent to the filing of this Statement of Claims and Defenses. (Plaintiff/Counter-Defendant CIC's Amended Response in Opposition Dkt. 80, Attachments #1; and Plaintiff/Counter-Defendant CIC's Cross-Motion for Partial Summary Judgment,

Brief/Memorandum in Support of Cross-Motion for Partial Summary Judgment and Appendix of Exhibits in Support of Cross-Motion for Partial Summary Judgment Dkt. 81-83).

### B. Statement of Defenses

Plaintiff/Counter-Defendant CIC intends to prove the following defenses to Defendants/Counterclaim Plaintiffs' Amended Counterclaim at trial.

1. *Defendants/Counterclaim Plaintiffs fail to state a claim upon which relief can be granted.*

Plaintiff/Counter-Defendant CIC intends to prove at trial that for the reasons stated above, as well as set forth in Plaintiff/Counter-Defendant CIC's summary judgment briefing, that Plaintiff/Counter-Defendant does not owe a duty to defend to any of the Defendants/Counterclaim Plaintiffs under GCT's CGL policy issued to it by Plaintiff/Counter-Defendant CIC. Plaintiff-Counter-Defendant CIC incorporates herein by reference all arguments and facts contained within its summary judgment briefing filed to date as well as subsequent to the filing of this Statement of Claims and Defenses.

2. *With the exception of Defendant/Counterclaim Plaintiff GCT, there is no privity of contract between the remaining Defendants/Counterclaim Plaintiffs and Plaintiff/Counter-Defendant CIC.*

Plaintiff/Counter-Defendant CIC intends to prove at trial that there was no contractual relationship between Plaintiff/Counter-Defendant CIC and any of the Defendants/Counterclaim Plaintiffs, other than GCT, and that absent privity of contract, the claims of those Defendants/Counterclaim Plaintiffs must fail. Plaintiff-Counter-Defendant CIC incorporates herein by reference all arguments and facts contained within its summary judgment briefing filed to date as well as subsequent to the filing of this Statement of Claims and Defenses.

3. *With the exception of Defendants/Counterclaim Plaintiffs GCT, Ding, Douglas and Fang, the remaining Defendants/Counterclaim Plaintiffs lack standing to bring this Counterclaim against Plaintiff/Counter-Defendant CIC.*

Plaintiff/Counter-Defendant CIC intends to prove at trial that none of the Counterclaimants except for GCT, Ding, Douglas and Fang have standing to maintain claims against

Plaintiff/Counter-Defendant CIC because they are not in privity of contract with Plaintiff/Counter-Defendant CIC and/or otherwise lack a legally sufficient basis to maintain their Counterclaim against Plaintiff/Counter-Defendant CIC. Plaintiff-Counter-Defendant CIC incorporates herein by reference all arguments and facts contained within its summary judgment briefing filed to date as well as subsequent to the filing of this Statement of Claims and Defenses.

4. *Defendants/Counterclaim Plaintiffs seek recovery of damages and rights, including but not limited to attorneys' fees and expenses, not recognized under Indiana law.*

Plaintiff Counter-Defendant CIC intends to prove at trial, *without abandoning its position of no duty to defend as to all Defendants/Counterclaim Plaintiffs*, that the Defendants/Counterclaim Plaintiffs have no right to independent counsel and/or selection of independent counsel under Indiana law with regard to Hoefer's state action claims. Plaintiff/Counter-Defendant CIC intends to prove at trial that Defendants/Counterclaim Plaintiffs are not entitled for reimbursement of their past and/or future defense costs, attorneys' fees, and other expenses related to the voluntary intervention of GCT as an intervening defendant into Hoefer's state action over his objection, the prosecution of any counterclaim asserted against Hoefer in the state action, and defense against Hoefer's state action claims. Further, Plaintiff/Counter-Defendant CIC intends to prove at trial that the Defendants/Counterclaim Plaintiffs are not entitled to recover attorneys' fees, costs and any other related expenses incurred in the defense/prosecution of this coverage action. Plaintiff/Counter-Defendant CIC incorporates herein by reference all arguments and facts contained within its summary judgment briefing filed to date as well as subsequent to the filing of this Statement of Claims and Defenses.

5. *Plaintiff/Counter-Defendant CIC did not engage in Bad Faith.*

Plaintiff/Counter-Defendant CIC intends to prove at trial that it did not engage in or otherwise act in bad faith with regard to the Defendants/Counterclaim Plaintiffs' request for defense against Hoefer's state action claims. *Colley v. Ind. Farmers Mut. Ins. Group*, 691 N.E.2d 1259,

9

1261 (Ind.Ct.App.1998). Further, Plaintiff/Counter-Defendant CIC intends to prove at trial that it did not engage in or otherwise act in bad faith with regard to the proposed settlement of Hoefer's state action claims. *Id.*

Date:  December 11, 2015                                      Respectfully submitted,

                                                              By: */s/  April C. Tarvin*

James J. Hutton (Atty. No. 19413-49)
Douglas H. Fisher (Atty. No. 22960-49)
Law Offices of The Cincinnati Insurance Company
PNC Center, Suite 1100E
101 West Washington Street
Indianapolis, IN 46204
317-632-7146 (Phone)
317-632-7156 (Fax)

April C. Tarvin (Atty. No. 0079248)
David S. Wirth (Atty. No. 25453-15)
Law Offices
The Cincinnati Insurance Company
P.O. Box 145496
Cincinnati, Ohio 45250-5496
513-603-5342 (Phone)
513-870-2900 (Fax)

jim_hutton@staffdefense.com
douglas_fisher@staffdefense.com
april_tarvin@staffdefense.com
david_wirth@staffdefense.com

*Counsel for Plaintiff The Cincinnati Insurance Company*