**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-01643-TWP-DML |
| | ) |
| GLOBAL CARAVAN TECHNOLOGIES, INC., | ) |
| C.H. DOUGLAS & GRAY, LLC, | ) |
| RED WING CAPITAL, LLC, | ) |
| CHRISTOPHER DOUGLAS, HUSHENG DING, | ) |
| CHRIS TZENG, KYLE FANG, THOMAS | ) |
| GRAY, DORIS ROBERTS, and CHARLES | ) |
| HOEFER, JR, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON FINAL JUDGMENT**

On August 8, 2016 the Court issued its Entry on the parties' cross motions for summary judgment. (Filing No. 108). The Court concluded that the applicable insurance policy does not require a defense by Cincinnati Insurance Company (Cincinnati"). Noting that the indemnity issue in this action was stayed and not subject to the partial summary judgment motions, the Court **granted** Cincinnati's motion for partial summary judgment, (Filing No. 81), and **denied** the Defendants' motion for partial summary judgment (Filing No. 74). In its Entry, the Court observed that the issue of indemnity may no longer be viable given its decision on the issue to defend, because if there is no duty to defend, there can be no duty to indemnify. *See, e.g.*, *Jim Barna*, 791 N.E.2d at 823; *Pekin Ins. Co. v. Barber*, No. 1:09-cv-0521-TAB-TWP, 2011 WL 1258063, *3 (S.D. Ind. Mar. 31, 2011) (Filing No. 108 at 14-15). The Court noted that the only remaining claim in this case is the Defendant's counterclaim for breach of contract, a claim that appears factually related to the issues addressed in this Entry. (*Id.*)

The parties have conferred as they were instructed by the Court.  Although Defendants respectfully disagree with the Court's decision on the duty to defend, they are in agreement that, subject to a final determination on appeal as to the correctness of the Court's Order on the duty to defend, there are no issues remaining for trial, therefore an entry of final judgment on all issues is proper. (Filing No. 111). The Defendants' expectation is to initiate an appeal of the Court's ruling and continue to reserve their right to seek all available forms of relief, including reinstatement of their claims as appropriate, relating to the duty to defend, indemnity, or their breach of contract (Count II) or bad faith (Count III) claims.

Accordingly, summary judgment is granted on behalf of Cincinnati with respect to all of the Defendants' claims. Entry on Final Judgment pursuant to Fed. R. Civ. P. 54(b) will be made in a separate order.

**SO ORDERED.**

Date: 8/29/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

2

DISTRIBUTION:

Douglas H. Fisher
CINCINNATI INSURANCE COMPANY (LAW OFFICES)
douglas_fisher@staffdefense.com

James J. Hutton
CINCINNATI INSURANCE COMPANY (LAW OFFICES)
jim_hutton@staffdefense.com

S. Andrew Burns
COX SARGEANT & BURNS PC
aburns@coxsargelaw.com

Charles Russell Cox
COX, SARGEANT & BURNS, P.C.
rcox@coxsargelaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com

Shelley M. Jackson
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com

April C. Tarvin
STAFF COUNSEL OF THE CINCINNATI INSURANCE COMPANY
april_tarvin@staffdefense.com

David S. Wirth
THE CINCINNATI INSURANCE COMPANIES
david_wirth@staffdefense.com