UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-01643-TWP-DML |
| | ) |
| GLOBAL CARAVAN TECHNOLOGIES, INC., | ) |
| C.H. DOUGLAS & GRAY, LLC, | ) |
| RED WING CAPITAL, LLC, | ) |
| CHRISTOPHER DOUGLAS, HUSHENG DING, | ) |
| CHRIS TZENG, KYLE FANG, THOMAS GRAY, | ) |
| DORIS ROBERTS, and CHARLES HOEFER, JR, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON LIMITED REMAND

This matter is before the Court on a limited remand ordered by the United States Court of Appeals for the Seventh Circuit. The Court was instructed to conduct proceedings as necessary to determine the citizenship of Charles Hoefer, Jr. ("Hoefer") at the time of the commencement of this case, and to determine whether Hoefer is an indispensable party to this action. The Court finds that Hoefer was not a citizen of Indiana on October 8, 2014, and Hoefer is an indispensable party.

### I. BACKGROUND

On January 17, 2013, Hoefer created Global Caravan Technologies, Inc. ("GCT"), a business that intended to create and implement new technologies to manufacture recreational vehicles. On May 1, 2014, Hoefer filed a lawsuit in the Marion Superior Court against his former GCT business partners—Defendants Husheng Ding, Christopher Douglas, Thomas Gray, Chris Tzeng, Red Wing Capital, Kyle Fang, Doris Roberts, Steve Coons, and C.H. Douglas & Gray, LLC (collectively, the "Defendants"). Thereafter, GCT—which later intervened—and the Defendants named in Hoefer's Complaint requested that Plaintiff, The Cincinnati Insurance

Company ("Cincinnati"), provide defense and indemnification under GCT's commercial general liability plan.

On October 8, 2014, Cincinnati filed this action, seeking a declaration that it is not required to defend and indemnify the Defendants in the pending state court action. Both parties filed cross motions for partial summary judgment and, on August 8, 2016, this Court granted Cincinnati's motion and denied the Defendants' motion. ([Filing No. 108](#).) The Court specifically concluded that the applicable insurance policy does not require a defense by Cincinnati. Thereafter, Defendants appealed the Court's summary judgment ruling. On July 26, 2017, the Court of Appeals for the Seventh Circuit remanded the case back to the trial court for the limited purpose of establishing: 1) whether Hoefer was a citizen on October 8, 2014 when Cincinnati filed the underlying action, and 2) whether Hoefer is an indispensable party. ([Filing No. 121](#).)

## II. DISCUSSION

For the reasons stated below, the Court determines that Hoefer was not a citizen of Indiana at the time this action commenced and Hoefer is an indispensable party pursuant to Federal Rule of Civil Procedure 19.

### A. Citizenship

The Defendants and Hoefer contend that Hoefer was not an Indiana citizen on October 8, 2014. "A natural person is a citizen of the state in which []he is domiciled." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir.2016) (citations omitted). Domicile is assessed at the commencement of an action and has two elements: 1) physical presence in a state, and 2) an intent to remain in that state. *Id.*; *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir.1996). "[I]ntent is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir.1980). "It is not

2

enough to simply establish physical presence, but in order to turn residence in fact into a domicile in law the party must show, by some objective act, his intention to maintain the residency indefinitely." *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir.1993).

There is no dispute that on October 8, 2014—the time this case commenced —Hoefer was physically present in Swaziland, South Africa. He declares that when he moved to Swaziland, he intended to remain there. (*See* [Filing No. 127](#).) In late August 2014, Hoefer and his pregnant wife moved to Swaziland to explore starting a business there and to raise their first child. Prior to the move, Hoefer sold his real estate holdings in Indiana and cancelled all of his property leases. Hoefer's wife is not a United States citizen. At the time of the move, Hoefer's wife was residing in the United States legally on an F-1 student visa. Because of immigration laws, Hoefer and his wife were advised by immigration attorneys against leaving the United States, if they intended to permanently reside as a family in the United States in the future. Given their intent to permanently reside in Swaziland, Hoefer and his wife moved there prior to October 8, 2014. ([Filing No. 127 at 3](#).)

Hoefer suggests that the sale of his Indiana real estate holdings and his knowledge of the difficulties his wife would endure reentering the United States establishes his desire not to return to Indiana. He also notes that, in September and October 2014, he began planning and holding business meetings in order to start a business in Swaziland. Since his move to Swaziland in August 2014, Hoefer has returned to the United States only once, and that was to attend mediation hearings related to this lawsuit. Based on Hoefer's declaration and the circumstantial evidence surrounding his relocation, the Court finds that Hoefer intended to permanently maintain Swaziland as his home. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) ("an individual's state of citizenship" is "the state he considers his permanent home").

3

## B. Indispensable Party

Regarding the issue of indispensability, all parties concede that Hoefer is an interested party who could be affected by a declaratory judgment in this case. Cincinnati, however, argues that Hoefer is not a necessary or indispensable party because Hoefer's interests are protected by the Defendants' prosecution of their counterclaim for declaratory relief.

Under Federal Rule of Civil Procedure 19, a party is indispensable "if…in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). However, "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). When determining whether equity requires dismissal, courts consider the following factors:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided…by shaping the relief;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed.

*Id.*

The Court concludes that Hoefer is a necessary party because, even if Hoefer's interests are addressed by the Defendants' counterclaim, any judgment rendered in Hoefer's absence is not binding on Hoefer. Such a judgment is inadequate and prejudicial, as it leaves Hoefer free to assert the same litigated claims against either Cincinnati or the Defendants in the future. *See Employers Mut. Cas. Co. v. Witham Sales & Serv., Inc.*, No. 2:08 CV 233, 2009 WL 4281457, at *6 (N.D. Ind. Nov. 23, 2009) ("if the injured party is not joined, it will not be bound by the court's

declaration, thus causing this same issue to be relitigated in federal court and thereby reducing judicial efficiency"); *see also Am. Standard Ins. Co. of Wisconsin v. Rogers*, 123 F. Supp. 2d 461, 467 (S.D. Ind. 2000) ("maintenance of separate actions, insurer v. insured and insurer v. injured party, 'creates possibility of inconsistent outcomes'") (citation omitted). Dismissing Hoefer from this case, as Cincinnati suggests, does not cure the issue of relitigation. Accordingly, the Court finds that Hoefer is indispensable because he is an interested party and any judgment rendered in his absence would not accord the parties' complete relief. *See id.* The Court also notes that Hoefer's state court ligation provides Cincinnati with an adequate remedy should the Court dismiss this action.

### III. CONCLUSION

For the above reasons, the Court concludes that Hoefer was not a citizen of Indiana on October 8, 2014, and Hoefer is an indispensable party. The Clerk of Court is directed to close this action.

**SO ORDERED.**

Date: 9/5/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Douglas H. Fisher
CINCINNATI INSURANCE COMPANY
douglas_fisher@staffdefense.com

James J. Hutton
CINCINNATI INSURANCE COMPANY
jim_hutton@staffdefense.com

S. Andrew Burns
COX SARGEANT & BURNS PC
aburns@coxsargelaw.com

Bruce A. Walker
COX SARGENT & BURNS, P.C.
bwalker@coxsargelaw.com

Charles Russell Cox
COX, SARGEANT & BURNS, P.C.
rcox@coxsargelaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com

Shelley M. Jackson
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com

April C. Tarvin
STAFF COUNSEL OF THE CINCINNATI INSURANCE COMPANY
april_tarvin@staffdefense.com

David S. Wirth
THE CINCINNATI INSURANCE COMPANIES
david_wirth@staffdefense.com